**BRIGHAM CITY, Plaintiff and Appellant,**

v.

**Lyle DRAKE, Defendant and Respondent.**

**No. 20036.**

Supreme Court of Utah.

Oct. 30, 1985.

2. *See supra* note 1.

David L. Wilkinson, Atty. Gen., Stephen G. Schwendiman, Bruce M. Hale, Asst. Attys. Gen., Salt Lake City, Ben H. Hadfield, Brigham City, for plaintiff and appellant.

Jack H. Molgard, Karl G. Parry, Brigham City, for defendant and respondent.

## MEMORANDUM OF DECISION

DURHAM, Justice:

Brigham City appeals from an order of the district court setting aside defendant's circuit court conviction for driving under the influence of alcohol. Because the basis for Brigham City's appeal is statutory rather than constitutional, we dismiss the appeal.

Defendant was arrested for driving under the influence and was given a breath test to measure his blood alcohol level. Defendant insisted that he be allowed to take an independent blood test as well, but the independent test was never taken. The right to obtain an independent test is provided by statute. U.C.A., 1953, § 41–6–44.-10(6) (Supp.1985). Prior to trial in the circuit court, defendant moved to dismiss or, alternatively, to suppress the results of the breath test, based on the assertion that his due process right to obtain an independent blood test was violated by certain actions of the police officers while defendant was in custody. Following a suppression hearing, those motions were denied. Defendant was subsequently found guilty of driving under the influence.

Defendant appealed his conviction to the district court. After reviewing the arguments and the transcript of the suppression hearing, the district court judge determined that defendant's right to obtain a blood test "was interfered with or effectively hampered or frustrated ...." The district court therefore ordered that defendant's conviction be set aside and that defendant be acquitted. On appeal from that order, Brigham City asserts that the breath test was admissible under section 41–6–44.10(6), regardless of whether an independent blood test was obtained; that the facts indicate that defendant chose to forego the blood test after he was released; that had defendant chosen to obtain the independent test at that time, the results would have had probative value pursuant to section 41–6–44.5; and finally, that even if the breath test results had been inadmissible, the district court judge should have remanded the case to the trial court rather than acquitting defendant.

In support of its main argument, the admissibility of the breath test results regardless of whether an independent blood test was obtained, Brigham City cites section 41–6–44.10(6):

> The person to be tested may, at his own expense, have a physician of his own choosing administer a chemical test in addition to the test or tests administered at the direction of a peace officer. *The failure or inability to obtain such additional test shall not affect the admissibility of the results of the test or tests taken at the direction of a police officer,* nor preclude or delay the test or tests to be taken at the direction of a peace officer....

(Emphasis added.) Thus the essential point pressed upon us by Brigham City is that the primary issues in this case are governed by statute and should have been reviewed on that basis. That position precludes our consideration of this appeal. This case originated in the circuit court and was then reviewed by the district court sitting in an appellate capacity. Utah Code Ann., 1953, § 78–3–5 (Supp.1985) states that "decisions of the district court on appeals from circuit courts shall be final except in cases involving a constitutional issue." As Brigham City's appeal is predicated on statutory grounds, we must dismiss.

HALL, C.J., and STEWART, HOWE and ZIMMERMAN, JJ., concur.